IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 18, 2019 Session

## SOLOMON MENCHE v. WHITE EAGLE PROPERTY GROUP, LLC ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-16-1060     JoeDae L. Jenkins, Chancellor**

———————————————————

### No. W2018-01336-COA-R3-CV

———————————————————

Plaintiff/Appellant brought suit against Defendants/Appellees over various business disputes. During the course of the discovery process, the trial court granted three motions to compel against Plaintiff, twice reserving Defendants' request for attorney's fees. Eventually, Defendants moved for discovery sanctions against Plaintiff, asking the trial court to award Defendants the attorney's fees and expenses related to prosecuting the three motions to compel as well as the motion for sanctions. Shortly after the third motion to compel was granted, however, Plaintiff requested a voluntary nonsuit pursuant to Rule 41.01. Because Defendants' motion for partial summary judgment was pending, the Defendants were required to agree to the nonsuit. The trial court granted the nonsuit based on Defendants' consent, but later held a hearing on the Defendants' motion for sanctions and awarded the Defendants their attorney's fees and expenses. Plaintiff appealed to this Court. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which CARMA DENNIS MCGEE, J., joined. Thomas R. Frierson, II, J., filed a dissenting Opinion.

Henry C. Shelton, III, and J. Bennett Fox, Jr., Memphis, Tennessee, for the appellant, Solomon Menche.

J. Joshua Kahane, and Aubrey B. Greer, Memphis, Tennessee, for the appellees, White Eagle Property Group, LLC, Jeff Weiskopf, and Israel Orzel.

## OPINION

### I.     BACKGROUND

This case arose out of a business dispute between Solomon Menche ("Appellant") and White Eagle Property Group, LLC and other various defendants (collectively, "Appellees").[1] Several years ago Appellant invested money with Appellees for a real estate venture that was ultimately unsuccessful; consequently, the relationship of the parties deteriorated. Appellant brought suit against Appellees on June 23, 2016, in the Shelby County Chancery Court ("trial court") alleging, *inter alia*, that Appellees were liable to Appellant for breach of contract, conversion, breach of fiduciary duty, and fraud. After some discovery, Appellees filed a motion for partial summary judgment on February 14, 2017.

Along with their motion for partial summary judgment, Appellees also filed a motion to stay as to the written discovery that Appellant had propounded upon Appellees.[2] A lengthy and bitter discovery dispute between the parties ensued, leading Appellees to file, on October 20, 2017, their first motion to compel discovery, alleging that Appellant was refusing to respond to various discovery requests. The trial court held a hearing on this motion on November 8, 2017, and thereafter entered an order granting Appellees' motion to compel; therein, the trial court ordered Appellant to respond to Appellees' first set of interrogatories and request for documents "on or before December 11, 2017." This order contained no mention of attorney's fees or expenses. The trial court delayed hearing Appellees' motion for partial summary judgment.

The relationship between the parties did not improve; on December 29, 2017, Appellees filed a second motion to compel, asserting that Appellant had not timely produced the discovery previously ordered by the trial court, and that Appellant had refused to appear at a deposition despite being noticed by Appellees. In this second motion to compel, Appellees requested that they be awarded their reasonable attorney's fees and expenses incurred in the filing of both the first and second motion to compel, pursuant to Tennessee Rule of Civil Procedure 37.01.[3] Appellant filed a response to the second motion to compel asserting that Appellant had been out of the country in

---

[1] Some of the original defendants have been dismissed and do not participate in the present appeal. The participating defendants are White Eagle Properties Group, LLC, Jeff Weiskopf, and Israel Orzel.

[2] The trial court granted the stay, but found that the parties could conduct limited discovery on the subject matter contained in Appellees' motion for partial summary judgment.

[3] This rule provides that

> If the motion [to compel] is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Tenn. R. Civ. P. 37.01(4).

- 2 -

December of 2017, and that Appellant had produced some discovery on December 29, 2017, but that Appellees responded by simply filing the second motion to compel.

The trial court heard the second motion to compel on January 19, 2018, and thereafter entered an order granting Appellees' motion. The trial court found that Appellant had failed to comply with the trial court's previous order and that the discovery responses that had been provided by Appellant were insufficient in that they were not timely submitted and "were not submitted with a verification page." As such, the trial court ordered Appellant to "file and serve a duly executed and notarized verification of his December 29, 2017 [r]esponses no later than February 2, 2018." Further, the trial court stated that Appellant should make himself available for deposition "no later than March 5, 2018." In addition, the trial court ordered the parties to participate in mediation. Finally, the trial court reserved ruling on Appellees' request for an award of expenses and attorney's fees incurred in bringing both motions to compel.

Finally, on February 27, 2018, Appellees filed a third motion to compel, averring that Appellant would not agree to dates for deposition or mediation, and, further, that Appellant had not fully complied with the trial court's orders as to Appellees' interrogatories or requests for documents.[4] Again, Appellees asserted that they were entitled to recover their attorney's fees and expenses in connection with all three motions to compel. The trial court entered an order granting the third motion to compel on March 29, 2018, again noting that it would reserve ruling on "the fees and expenses to be paid by [Appellant] to [Appellee] associated with the first, second, and third motions to compel[.]"

Then, on April 16, 2018, Appellees filed a motion entitled "Motion for Civil Sanctions" wherein Appellees asserted that Appellant had grossly and willfully abused

---

[4] The Appellees' specific allegations were that

> [Appellant] filed pleadings ostensibly intended to be "responses" to the [Appellees'] First Set of Interrogatories or First Set of Production of Documents but which were wholly inadequate and [] did not comply with the Tennessee Rules of Civil Procedure. Instead . . . [i]n response to [Appellees'] First Set of Interrogatories, [Appellant] either objects on the grounds that "the information being sought is outside the grounds of the permitted discovery pursuant to this Court's March 21, 2017, Order" or simply refers [Appellees] — without specific reference — to the previously filed pleadings in this cause. In response to [Appellees'] First Set of Production of Documents, [Appellant] does not produce even ONE document - ZERO — and simply responds in repetition that [Appellees] are referred — without specific reference — to the previously filed pleadings in this cause. Tennessee Rules of Civil Procedure 33 requires that the responses to [Appellees'] First Set of Interrogatories and First Set of Production of Documents be verified. Neither of the filed responses were verified as required.

The Appellees' final motion to compel essentially asserted that the foregoing issues had yet to remedied.

the discovery process and that in addition to sanctions in the form of attorney's fees and expenses, Appellant's case should be dismissed. However, before this motion could be heard, Appellant sought a voluntary dismissal pursuant to Tennessee Rule of Civil Procedure 41.01. Because Appellees' motion for partial summary judgment remained pending, however, Appellees were required to consent to Appellant's request for the nonsuit. *See* Tenn. R. Civ. P. 41.01(1) ("[E]xcept when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal[.]"). Appellees agreed to the proposed nonsuit and the trial court approved this agreement via order entered April 20, 2018. The agreed order granting dismissal reads as follows:

> Before the Court, pursuant to Tenn. R. Civ. Pro. 41.01(3), is the [Appellant's] request to take a voluntary nonsuit to dismiss this action in its entirety without prejudice, to which [Appellees] consent. Based upon [Appellant's] request, [Appellees'] consent, and the entire record in this matter, the request is well taken and should be granted.
>
> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that [Appellant's] lawsuit is DISMISSED without prejudice pursuant to Tenn. R. Civ. Pro. 41.01, with court costs to be assessed to [Appellant].

Despite the filing of the agreed order, on May 4, 2018, Appellees filed a notice to set their motion for sanctions for hearing. Appellees asserted that their motion for civil sanctions was unaffected by the voluntary dismissal, urging that the trial court retained jurisdiction to adjudicate the motion. Appellant filed a response asserting that the trial court lacked jurisdiction to hear the motion because the voluntary dismissal had already been granted by agreement, and that the entry of the order of dismissal effectively ended the case. Nonetheless, the trial court held a hearing on Appellees' motion for sanctions on June 8, 2018, and on July 12, 2018, entered an order granting the motion for sanctions, noting that the motion had been filed, docketed, and served prior to the entry of the agreed order of voluntary dismissal. To that point, the trial court noted that it retained subject matter jurisdiction over the motion for sanctions and found that Appellant owed Appellees "any and all reasonable expenses and attorney fees associated with the actions culminating in [Appellees'] [m]otions to [c]ompel and prosecuting the [m]otion on civil sanctions." Accordingly, the trial court ordered Appellant to pay $51,000.00 in attorney's fees and expenses to Appellees. Appellant thereafter filed a timely notice of appeal to this Court.

## II.  ISSUES PRESENTED

Appellant raises two issues in this appeal:

- 4 -

1. Whether the trial court erred in exercising jurisdiction over Appellees' motion for discovery sanctions after the consent order of dismissal was entered.

2. Whether the trial court abused its discretion in ordering discovery sanctions against [Appellant].

### III. STANDARD OF REVIEW

Here, the parties' primary dispute on appeal is whether the trial court retained jurisdiction to grant Appellees' motion for sanctions after the agreed order of voluntary dismissal was entered. In addressing subject matter jurisdiction, our supreme court has previously explained:

> The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Casualty Co. v. Sloan*, 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction involves the nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act. *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989). Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

*Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

Moreover, Appellant asserts that the trial court abused its discretion in awarding Appellees discovery sanctions. "Appellate courts review a trial court's decision to impose sanctions and its determination of the appropriate sanction under an abuse of discretion standard." *Alexander v. Jackson Radiology Assoc's, P.A.*, 156 S.W.3d 11, 14 (Tenn. Ct. App. 2004) (citing *Lyle v. Exxon Corp.*, 746 S.W.2d 694, 699 (Tenn. 1988)). "An abuse of discretion occurs where the trial court has applied an incorrect legal standard or where its decision is illogical or unreasoned and causes an injustice to the complaining party." *Id.* (citing *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004)).

### IV. DISCUSSION

#### I.

The primary dispute in the present appeal is whether it was appropriate for the trial court to grant Appellees' motion for sanctions after the parties agreed to enter an order nonsuiting Appellant's case. According to Appellant, there is no applicable rule in Tennessee that extended the trial court's jurisdiction once the case was dismissed; further, Appellant argues that because Appellees agreed to the voluntary dismissal, they "held all the cards" and could have "insisted to the [trial] court that ruling on pending motions be reserved." Ultimately, Appellant urges that the trial court lacked authority to award Appellees sanctions under these circumstances.

In contrast, Appellees assert that the motion for sanctions was "collateral or ancillary" to Appellant's original lawsuit, and that the trial court retained jurisdiction to rule on the motion even after the agreed order of voluntary dismissal was entered. In support, Appellees urge that the "ability of [the] trial court to enforce its orders, and to punish or deter express violations of orders, is vital to the administration of justice and the power of the trial court." Appellees further point out that other states have determined that motions for sanctions are collateral to an underlying claim; Appellees also argue that, by analogy, in Tennessee there are circumstances under which a trial court may take action even after a case has been dismissed. *See, e.g.*, Tenn. R. Civ. P. 54.04 (involving discretionary costs). To summarize, Appellees aver that a trial court retains jurisdiction "to entertain and impose sanctions for pre-voluntary dismissal bad conduct by a plaintiff after the entry of a voluntary dismissal." Alternatively, Appellees assert that the order of dismissal was simply not a final order because the issue of sanctions was not adjudicated by the order, and that the trial court acted within its discretion in later entering the order granting Appellees' motion for sanctions.

The parties assert that the case-at-bar turns on the question of subject matter jurisdiction post-final judgment. Having reviewed the record and the arguments of the parties, however, we perceive the dispositive issue here to be whether the agreed order allowing a nonsuit was in fact a final order in light of Appellees' unadjudicated motion for sanctions.[5] To the extent that the agreed order of dismissal was not a final order, the case was not fully adjudicated and the trial court was well within its discretion in ruling on the motion for sanctions. Consequently, the first question we must address is whether the agreed order granting a voluntary nonsuit was final despite the fact that the motion for discovery sanctions was unaddressed.

Tennessee Rule of Appellate Procedure 3(a) provides that

Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are

_____

[5] In any event, there is no dispute that this Court has subject matter jurisdiction over the present appeal; while this case presents a question as to whether the trial court's April 20, 2018 order was final, there is no question that the July 12, 2018 order granting the motion for sanctions was final.

involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

As such, a final judgment is "one which determines a particular cause and terminates all litigation on the same right." *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85, 86 (Tenn. 1973); *see also* *Gaskill v. Gaskill*, 936 S.W.2d 626, 634 n.4 (Tenn. Ct. App. 1996) ("A final judgment is one that resolves all the claims between all the parties."); *Shofner v. Shofner*, 181 S.W.3d 703, 712–13 (Tenn. Ct. App. 2004) ("A final judgment is primarily one that fully adjudicates all the claims between all the parties."). Simply put, a final order "leav[es] nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003). An order that is not final is "subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of the parties." *Eldridge v. Eldridge*, 137 S.W.3d 1, 25 (Tenn. Ct. App. 2002) (citing Tenn. R. App. P. 3(a)).

Here, Appellant urges that the agreed order granting dismissal was a final order that dismissed the case entirely notwithstanding Appellees' pending motion for sanctions, and that the trial court thus acted outside its authority in hearing and granting the motion after the agreed order of dismissal was entered. Our research, however, has revealed that few Tennessee courts have specifically dealt with this question. There is however, at least one Tennessee case in which this Court concluded that prejudgment motions for discovery sanctions are not collateral to or independent from the underlying claim such that these motions can be left unaddressed without affecting the finality of a judgment. *See* *Thompson v. Logan*, No. M2005-02379-COA-R3-CV, 2007 WL 2405130, at *8 (Tenn. Ct. App. Aug. 23, 2007).

In *Thompson*, the parties became embroiled in a pretrial discovery dispute similar to that of the parties in the present matter. *Id.* at *8. The relevant dispute began in July of 2004, when the defendant filed a motion to compel asking for various discovery items, as well as the attorney's fees and expenses incurred in pursuing the motion to compel. *Id.* Apparently, an order resolving this motion was not entered into the record. *Id.* The case was tried in May of 2005, and a judgment entered on July 20, 2005. The plaintiffs later filed a notice of appeal; however, after the notice of appeal was filed, the trial court "entered an order setting [defendant's] pretrial motion for attorney's fees related to the motion to compel." *Id.* at *9. Consequently, the plaintiffs responded "with a flurry of filings[,]" asserting that the trial court no longer had jurisdiction over the motion for sanctions. On balance, the defendant argued that the trial court acted properly because either "(1) the sanctions issue was collateral to the case on appeal or (2) if it was not collateral, then the trial court's order was not a final order[.]" *Id.* Nonetheless, the trial court later entered an order imposing sanctions in the form of attorney's fees and expenses on the plaintiffs based upon their behavior during the discovery process. *Id.*

On appeal, the plaintiffs argued that the trial court lacked jurisdiction to rule on the sanctions request, while the defendant urged that "the trial court had jurisdiction to consider the sanctions motions because those motions raised 'collateral' matters." *Id.* This Court determined that the trial court was correct in granting sanctions against the plaintiffs:

> While there are Tennessee decisions that hold that a trial court retains jurisdiction over some ancillary matters, such as enforcement and collection of a judgment, *First American Trust Co.*, 59 S.W.3d at 141 n. 8, we have found no opinion holding that pre-judgment motions for sanctions (or even for attorney's fees) are "ancillary" or "collateral" as those terms are used by [defendant]. Trial court enforcement of a judgment, including contempt orders for failure to comply with a judgment, based as they are on post-judgment conduct and motions, differ from the case before us, which involves motions made before judgment based on prejudgment conduct, which were unresolved by the purported final judgment and remained unresolved at the time the appeal was perfected.

*Id.* at *10. Accordingly, we concluded that there was simply no precedent in Tennessee to support the assertion that a prejudgment motion for sanctions was somehow collateral or ancillary to the underlying claim. We further stated that

> we find no authority for the proposition that issues pending at the time of an order purporting to be a final judgment can be later resolved as "collateral" matters without affecting the finality of the judgment or the jurisdiction of the trial court.

*Id.* In addition, we pointed out that the preferable practice "would have been for [defendant] to request a ruling on [the motions for sanctions] immediately after the ruling on the merits." *Id.* at *11. It was our ultimate conclusion, however, that because the defendant's motion for sanctions was left unadjudicated at the time judgment was rendered, the purported "final order" in that case was not in fact final. *Id.* As such, "the trial court had jurisdiction to resolve the unadjudicated claim for sanctions[,]" and we affirmed the imposition of sanctions against the plaintiffs. *Id.*

We see no reason to depart from ***Thompson's*** holding that a case cannot be final and appealable under Rule 3 in the absence of an adjudication of a pending prejudgment motion for sanctions.[6] As noted in ***Thompson***, no Tennessee rules or caselaw indicates

---

[6] Another panel of this Court has issued an opinion that could be read to come to the opposite conclusion. In ***Johnson v. Parkwest Med. Ctr.***, No. E2013-01228-COA-R3-CV, 2014 WL 3765702 (Tenn. Ct. App. July 31, 2014), *perm. app. denied* (Tenn. Dec. 17, 2014), this Court ruled on the merits of the case even though the trial court did not specifically rule on a motion for sanctions filed while the case was still pending. *Id.* at *8–*9 (ruling that because the matter was remanded on another basis, allowing

- 8 -

that such a motion is collateral to the underlying merits of the case, in contrast to a motion for discretionary costs. *See Gunn v. Jefferson Cty. Econ. Dev. Oversight Comm., Inc.*, No. E2018-01345-COA-R3-CV, 2019 WL 1338665, at *3 (Tenn. Ct. App. Mar. 25, 2019) ("Motions for discretionary costs, however, have been described as 'ancillary' or 'collateral' to the underlying matter by Tennessee courts.") (citing *Roberts v. Roberts*, No. E2009-02350-COA-R3-CV, 2010 WL 4865441, at *8 (Tenn. Ct. App. Nov. 29, 2010)). Moreover, because motions for sanctions most typically involve requests for attorney's fees, the *Thompson* rule aligns with our well-settled principle that a judgment is not final where it does not adjudicate a prejudgment request for attorney's fees. *See Homelift of Nashville, Inc. v. Porta, Inc.*, No. M2016-00894-COA-R3-CV, 2017 WL 3447909, at *3 (Tenn. Ct. App. Aug. 11, 2017) (noting that the trial court did not lose the jurisdiction to adjudicate a prejudgment request for attorney's fees and expenses where the court's judgment was not yet final and no appeal had been perfected at the time the fees were requested); *Davis v. City of Memphis*, No. W2016-00967-COA-R3-CV, 2017 WL 634780, at *4 (Tenn. Ct. App. Feb. 2, 2017) ("This Court has concluded on several occasions that an order that fails to address an outstanding request for attorney's fees is not final."). Thus, in the typical case wherein the trial court enters judgment for one party, the judgment does not become final unless and until a pending motion for sanctions is adjudicated.

Here, however, Appellant argues that this is not the typical case but one in which the Appellees consented to a nonsuit of the Appellant's lawsuit. In that situation, Appellant insists that the trial court is deprived of any continuing jurisdiction over the case when the nonsuit is taken. In support, Appellant cites *Rose v. Bushon*, No. E2015-00644-COA-R3-CV, 2016 WL 7786449 (Tenn. Ct. App. Mar. 28, 2016). In *Rose*, the defendants filed a motion to disqualify the plaintiff's counsel shortly after the plaintiff filed her complaint on June 26, 2014. *Id.* at *1. However, on October 13, 2014, the plaintiff "filed a notice of voluntary nonsuit and a proposed order of dismissal without prejudice[;]" the defendants received notice of the voluntary nonsuit that day. *Id.* The next day, October 14, 2014, the trial court proceeded with a "scheduled hearing on the defendants' motion to disqualify" plaintiff's counsel. *Id.* Then, on October 20, 2014, the

the trial court to rule on the pending motion in the first instance was appropriate). Although it could be assumed by implication that a final judgment existed by the fact that we rendered a decision in the case, we did not specifically address whether the failure to adjudicate the motion for sanctions rendered the trial court's judgment non-final. "It is axiomatic that judicial decisions do not stand for propositions that were neither raised by the parties nor actually addressed by the court." *Staats v. McKinnon*, 206 S.W.3d 532, 550 (Tenn. Ct. App. 2006) (citing *Shousha v. Matthews Drivurself Serv., Inc.*, 210 Tenn. 384, 390, 358 S.W.2d 471, 473 (Tenn. 1962)). Even more importantly, in *Johnson*, the plaintiffs filed the motion for sanctions, and the trial court's ruling dismissed all of the plaintiff's claims against the defendant. *Id.* at *3. As noted *infra*, the motion at issue in this case was filed by Appellees prior to the dismissal of "[Appellant's] lawsuit." Were the situation in this case reversed as in *Johnson*, we would likely come to the same conclusion—that dismissal of the plaintiff's lawsuit includes dismissal of all pending motions for sanctions filed by the plaintiff. As we conclude *infra*, however, dismissal of Appellant's lawsuit does not, *ipso facto*, include dismissal of the pending claims for relief filed by Appellees.

trial court entered an order stating that the plaintiff was granted a nonsuit pursuant to Rule 41.01 and that the case was dismissed without prejudice. *Id.* The defendants then filed a motion to alter or amend the order of dismissal, arguing that at the October 14, 2014 hearing, the trial court had orally granted the defendants' motion to disqualify plaintiff's counsel and granted the defendants their attorney's fees. *Id.* As such, the trial court then entered a written order on December 17, 2014, granting the defendants' motion to disqualify and awarding the defendants $7,779.00 in attorney's fees. *Id.* After the trial court denied plaintiff's motion to set the order aside, plaintiff appealed. *Id.*

The single issue presented on appeal was whether the trial court erred in ordering the disqualification of plaintiff's counsel, as well as awarding attorney's fees, after the plaintiff's complaint was dismissed via voluntary dismissal under Rule 41.01. *Id.* Ultimately, we agreed with the plaintiff, concluding that "it was error for the trial court to order the disqualification of plaintiff's counsel and award attorney's fees, after plaintiff had functionally and effectively ended this action by exercising her right to take a voluntary nonsuit." *Id.* at *4. In so holding, we noted that "an order on the voluntary dismissal serves only ministerial and procedural purposes[,]" and that the "nonsuit actually occurs prior to the entry of the order." *Id.* at *3. Stated differently, in that case, it was our determination that "the plaintiff [had] done all that is required to be done by giving written notice of [her] intention to take a nonsuit." *Id.* As such, we concluded that the "plaintiff functionally and effectively ended this action by exercising her right to take a voluntary nonsuit[,]" and that it was error for the trial court to subsequently enter an order disqualifying plaintiff's attorney and awarding the defendants attorney's fees. *Id.* at *4.[7]

Although Appellant relies heavily on *Rose*, we are unconvinced that *Rose* is analogous to the case-at-bar. First, the *Rose* court made clear that in that case, the plaintiff had the right to take a unilateral nonsuit independent of any action by the other party or the trial court. Indeed, we stated that all the plaintiff had to do was give written notice to effectively end her suit. *Id.* at *4. The situation presented in this case is not analogous. Because Appellees' motion for summary judgment was pending, Appellant's nonsuit was dependent upon Appellees' consent or a determination by the trial court that

---

[7] We note that in other contexts, Tennessee law is clear that some matters survive a voluntary nonsuit as of right. *See, e.g.*, Tenn. R. Civ. P. 41.01(1) ("If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the defendant may elect to proceed on such counterclaim in the capacity of a plaintiff."); *see also* **Salsman v. Texcor Indus., Inc.**, No. W2001-00730-COA-R9-CV, 2002 WL 1838135 (Tenn. Ct. App. July 29, 2002) (noting that defendants were permitted under Rule 41.01(1) to proceed with a proposed counterclaim that was attached to a motion to amend their answer, where motion to amend was filed before plaintiffs gave notice of voluntary dismissal); **Autin v. Goetz**, 524 S.W.3d 617 (Tenn. Ct. App. 2017) (finding that the trial court had jurisdiction to enforce the provisions of a protective order that was entered prior to the plaintiff taking a voluntary nonsuit, where the protective order provided that it would survive until the entry of an order lifting the protection). None of these situations, however, is present in this case.

- 10 -

the circumstances warranted dismissal despite the pendency of a motion for summary judgment. *See* Tenn. R. Civ. P. 41.01; ***Stewart v. Univ. of Tenn.***, 519 S.W.2d 591, 593 (Tenn. 1974) ("[I]t is implicit in [Rule 41.01] and inherent in the power of the Court that, under a proper set of circumstances, the Court has the authority to permit a voluntary dismissal, notwithstanding the pendency of a motion for summary judgment.").[8]  Indeed, in his brief, Appellant admits that Appellees had the right to insist that certain issues be reserved when the order of voluntary dismissal was entered but contends that Appellees' failed to properly exercise that right.[9]  As such, ***Rose*** is simply inapposite here.

Appellant is correct, however, that ***Thompson*** is not entirely analogous to the case-at-bar either. Indeed, rather than judgment entered involuntarily by the trial court, the order of dismissal in this case was entered by the consent of both parties pursuant to the mandates of Rule 41.01(1). As such, Appellant avers that because Appellees' motion for summary judgment was still pending, Appellees "held all the cards" and "could have rejected the proposal, but instead jointly recommended it to the trial judge." Appellant therefore contends that while Appellees should have "object[ed] to, or insist[ed] that certain rulings be made part of the consent [o]rder of [d]ismissal[,]"  Appellees in fact agreed to the request for voluntary dismissal with no "reservations, conditions, references, or caveats." In this regard, we perceive Appellant to be arguing that by consenting to the voluntary nonsuit, Appellees waived their right to then pursue the motion for sanctions once the agreed order of dismissal had been entered. Although it is well-settled that parties confer subject matter jurisdiction through waiver, ***Dishmon v. Shelby State Cmty. Coll.***, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999), this Court has recently indicated that a judgment may be rendered final by the waiver or abandonment of unadjudicated claims. *See* ***Save Our Fairgrounds v. Metro. Gov't of Nashville and Davidson Cty.***, No. M2019-00724-COA-R3-CV, 2019 WL 3231381, at *5–*7 (Tenn. Ct. App. July 18, 2019) (holding that the plaintiff did not waive or abandon unadjudicated claims). As such, we must consider whether in consenting to the order of voluntary dismissal, Appellees abandoned their pending request for sanctions.

The burden of demonstrating waiver or abandonment of the motion for sanctions lies with Appellant. *See* ***Save Our Fairgrounds***, 2019 WL 3231381, at *5 (Tenn. Ct. App. July 18, 2019).  Indeed, "the law will not presume waiver, and the party claiming the waiver has the burden of proving it by a preponderance of the evidence." ***Id.*** (citing ***Jenkins Subway, Inc. v. Jones***, 990 S.W.2d 713, 722 (Tenn. Ct. App. 1998)). As such,

---

[8] Of course, the trial court made no such ruling in this case. As such, we are only concerned with a voluntary dismissal by consent.

[9] Moreover, any question regarding disqualification of counsel was clearly mooted by the nonsuit in ***Rose***, as there was no case going forward. Appellees argue that the same is not true in this case, where Appellees were allegedly forced to incur legal expenses as a result of Appellant's contumacious conduct, which expenses did not abate at the time of the dismissal and which the trial court had previously reserved awarding.

- 11 -

the salient question here is whether Appellant has sufficiently shown that Appellees waived their claim for sanctions against Appellant by consenting to Appellant's nonsuit.

Having reviewed the record on appeal, we conclude that Appellant has not shown by a preponderance of the evidence that Appellees waived or abandoned their claim for sanctions. We reach this decision for several reasons. First, the record reflects that Appellant knew of Appellees' intention to pursue an award of attorney's fees and expenses as sanctions early on in this litigation. *See **Jackson v. Burrell***, No. W2018-00057-COA-R3-CV, 2019 WL 237347, at *7 (Tenn. Ct. App. Jan. 16, 2019) (Stafford, J. dissenting) ("[The doctrine of waiver generally exists to prevent litigants from raising issues to which their opponents have no opportunity to respond."). Indeed, Appellees filed three motions to compel in the trial court; in both the second and third motions to compel, Appellees expressly requested that the trial court award Appellees reasonable attorney's fees and expenses pursuant to Rule 37.01. The trial court stated in its order granting the second motion to compel that it was reserving its ruling on the request for "expenses and attorney's fees incurred in bringing both the first and second motions to compel."

Likewise, in the order granting Appellees' third motion to compel, the trial court stated that it was reserving ruling "on the fees and expenses *to be paid* by [Appellant] to [Appellees] associated with the first, second, and third motions to compel, as well as those incurred in responding to [Appellant's] Motion for Protective Order." (emphasis added). Thus, Appellant was on notice throughout this case that Appellees sought attorney's fees and expenses pursuant to Rule 37.01; moreover, the language of the trial court's third order indicates the trial court's intention that fees and expenses were "to be paid" by Appellant. Under these circumstances, Appellant cannot be considered a party who has "ha[d] no opportunity to respond" to the possibility of sanctions. ***Jackson***, 2019 WL 237347, at *7. Accordingly, one of the fundamental policies underlying the doctrine of waiver is inapplicable here.

Of course, the fact that Appellant had notice of the request for sanctions prior to the purported voluntary dismissal is immaterial if Appellees abandoned their claim by agreeing to nonsuit Appellant's case. Indeed, Appellant makes much of the fact that Appellees did not reserve, in the agreed order granting voluntary dismissal, the issue of attorney's fees as sanctions. Although Appellant is correct that the order does not expressly address the outstanding motion for sanctions, we are unconvinced that the language of the order indicates a total abandonment of Appellees' claim for sanctions. To reiterate, the order stated:

> Before the Court, pursuant to Tenn. R. Civ. Pro. 41.01(3), is the [Appellant's] request to take a voluntary nonsuit to dismiss this action in its entirety without prejudice, to which [Appellees] consent. Based upon

[Appellant's] request, [Appellees'] consent, and the entire record in this matter, the request is well taken and should be granted.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that [Appellant's] lawsuit is DISMISSED without prejudice pursuant to Tenn. R. Civ. Pro. 41.01, with court costs to be assessed to [Appellant].

After close examination of this order, we are not persuaded that Appellees waived their request for sanctions by agreeing to the dismissal of Appellant's lawsuit. The order first states that Appellant requests "to take a voluntary nonsuit to dismiss this action *in its entirety* without prejudice[;]" the order ultimately provides, however, that "the *[Appellant's]* lawsuit is dismissed." (emphasis added). The trial court's order appears to acknowledge that although Appellant requested dismissal of "the *action* in its entirety[,]" the trial court was only inclined to dismiss *Appellant's lawsuit*. Stated differently, the trial court's order fails to address the pending claim for sanctions, and appears to dismiss only claims asserted by Appellant. In light of this language, we cannot conclude that Appellant has shown that Appellees waived their request for sanctions by agreeing to this order; on the contrary, the record suggests that Appellees were only agreeing to the voluntary dismissal of "[Appellant's] lawsuit". Further, the trial court had previously, on two occasions, reserved the issue of sanctions. At the very least, the trial court's order is ambiguous as to whether the request for sanctions is dismissed along with Appellant's lawsuit. Consequently, we cannot say that Appellant has satisfied his burden, as this Court will not presume a waiver. ***Jenkins Subway***, 990 S.W.2d at 722. Here, the trial court's order does not indicate any resolution as to Appellees' pending motion for sanctions, much less that they abandoned that claim.

Finally, to the extent that Appellee's post-nonsuit actions may be considered, they certainly do not evince a waiver. Here, the order granting the voluntary dismissal was entered on April 20, 2018. Appellees raised the fact that their motion for sanctions was pending soon after, on May 4, 2018. Even if the order of dismissal was considered a final judgment, the case was still under the jurisdiction of the trial court to make alterations. *See* Tenn. R. Civ. P. 59.04 (providing the parties with thirty days to seek to alter a trial court's final judgment); Tenn. R. Civ. P. 59.05 (providing the trial court with thirty days to alter its judgment on its own initiative). As such, we conclude that Appellees brought their request to the trial court's attention while this matter was technically still within the trial court's power to issue a revision.[10]

In sum, we cannot conclude that Appellees' abandoned their claim for attorney's fees by entering into the agreed order dismissing Appellant's lawsuit. We are therefore

---

[10] Appellees did not caption their motion as seeking revision, nor do we hold that it should be construed as a motion to alter or amend. We merely cite these rules to note that the request was made while the court still had power to amend even a purported final judgment.

inclined to follow the ***Thompson*** court and conclude that the agreed order of voluntary dismissal entered by the trial court on April 20, 2018 was not a final order. Although the order was entered by consent in this case, like in ***Thompson***, the requested sanctions at issue here "were [nevertheless] unresolved by the purported final judgment[.]" 2007 WL 2405130, at *10. In the absence of disposition of the pending motion for sanctions or a clear abandonment of that claim, the trial court's judgment was non-final. ***Gaskill***, 936 S.W.2d at 634 n.4 ("A final judgment is one that resolves all the claims between all the parties."). "Although we agree . . . that [Appellees] could have done more to bring the lack of finality to the trial court's attention, their failure to do so cannot constitute a waiver of this issue." ***Save Our Fairgrounds***, 2019 WL 3231382, at *7. Finally, while we have not found waiver under the particular circumstances of this case, we caution litigants that the better practice is to expressly reserve issues in any agreed order of dismissal.

Based on the foregoing, the trial court retained jurisdiction over the pending motion for sanctions. *See* ***Eldridge***, 137 S.W.3d at (citing Tenn. R. App. P. 3(a)) (noting that a non-final order is "subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of the parties). Consequently, Appellant's assertion that the trial court acted outside its authority in hearing Appellees' motion for sanctions is without merit under these circumstances. The trial court's decision to consider the motion for sanctions notwithstanding the agreed order of voluntary dismissal of Appellant's lawsuit is therefore affirmed.

**II.**

We turn next to Appellant's second issue on appeal. Appellant argues that even if the trial court did not err in hearing Appellees' motion for sanctions, it erred in its ruling on that motion. Specifically, Appellant avers that the trial court abused its discretion in awarding Appellees $51,000.00 in attorney's fees and expenses based upon Appellant's actions during the discovery process.

Appellate courts review a trial court's decision to impose sanctions and its determination of the appropriate sanction under an abuse of discretion standard. ***Alexander v. Jackson Radiology Assoc., P.A.***, 156 S.W.3d 11, 14 (Tenn. Ct. App. 2004) (citing ***Lyle v. Exxon Corp.***, 746 S.W.2d 694, 699 (Tenn. 1988)). Discretionary decisions, however, "are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles." ***State v. Lewis***, 235 S.W.3d 136, 141 (Tenn. 2007). Indeed, "[d]iscretionary decisions must take the applicable law and relevant facts into account." ***Lee Med., Inc. v. Beecher***, 312 S.W.3d 515, 524 (Tenn. 2010).

Thus, an abuse of discretion may be found when "a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily

- 14 -

used to guide the particular discretionary decision." *Id.* (citing *Lewis*, 235 S.W.3d at 141). "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Id.* (citing *State v. Ostein*, 293 S.W.3d 519, 526 (Tenn. 2009)). Thus, we will not overturn the trial court's decision merely because reasonable minds could reach a different conclusion. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

Here, the trial court entered an order granting Appellees' motion for discovery sanctions on July 12, 2018. Therein, the trial court provided findings of fact regarding its decision to assess sanctions against Appellant:

1. [Appellant] failed and refused to respond to [Appellees'] written discovery requests of June 28, 2017.

2. On October 19, 2017, [Appellees] filed a Motion to Compel [Appellant] to fully and completely respond to [Appellees'] written discovery requests of June 28, 2017.

3. On December 12, 2017, the Court granted [Appellees'] Motion to Compel.

4. [Appellant] failed to comply with this Court's December 12, 2017 Order compelling [Appellant] to fully and completely respond to [Appellees'] June 28, 2017 written discovery requests.

5. [Appellees] thereafter filed their Second Motion to Compel Discovery and Request for an Award of Reasonable Expenses and Attorney's Fees.

6. On February 2, 2018, the Court granted [Appellees'] Second Motion to Compel wherein the Court, inter alia, reserved ruling on [Appellees'] request for an award of reasonable expenses and attorney's fees incurred in bringing both the first and second motions to compel.

7. [Appellant] failed to comply with this Court's February 2, 2018 Order granting [Appellees'] Second Motion to Compel.

8. Thereafter, on February 27, 2018, [Appellees] filed their Third Motion to Compel Discovery and Second Request for an Award of Reasonable Expenses and Attorney's fees incurred in bringing both the first, second, and third motions to compel.

9. On March 29, 2018, the Court granted [Appellees'] Third Motion to Compel wherein the Court, inter alia, reserved ruling on the fees and expenses to be paid by [Appellant] to [Appellees] associated with the first, second, and third motions to compel.

* * *

15. The Court finds the authorities cited by [Appellees] to be persuasive and adopts same.

16. The Court in its discretion and judgement finds that [Appellant] owes [Appellees] any and all reasonable expenses and attorney fees associated with the actions culminating in [Appellees'] Motions to Compel and prosecuting the Motion on Civil Sanctions.

The trial court then assessed an award of attorney's fees in the amount of $51,000.00.

On appeal, Appellant insists that the trial court abused its discretion in granting Appellees' request for attorney's fees as discovery sanctions. In support, Appellant essentially argues that although the parties indeed encountered difficulty during the discovery process, Appellant eventually provided all of the requested discovery materials, and appeared for a deposition and mediation. Appellant concedes, however, that he was not timely in complying with the trial court's first order granting the motion to compel, but that this was due to Appellant being out of the country in December of 2017. Further, Appellant avers that it was Appellees who acted in bad faith, pointing out that Appellees requested a stay on some discovery but then proceeded to serve Appellant with discovery requests. Overall, Appellant urges that "it was [Appellees] that abused the discovery process, not [Appellant]."

On the other hand, Appellees argue Appellant's position is simply unsupported by the record. Appellees reiterate that the trial granted not one, but three motions to compel against Appellant and that in all three of these instances the trial court found that Appellant was not cooperating in the discovery process. Appellees also point out that while the original amount of requested attorney's fees and expenses was $73,343.15, this number was eventually reduced to $51,000.00.[11] Under these circumstances, Appellees argue that Appellant has not demonstrated how the trial court abused its discretion in granting sanctions against Appellant.

Here, we agree that Appellant has failed to satisfy his burden in showing that the trial court abused its discretion in awarding sanctions against Appellant. While Appellant

---

[11] Appellees originally averred that their total fees and expenses came to $73,343.15; however, Appellees later agreed to reduce that amount to $54,004.44, and the trial court again reduced the amount.

seems to dispute who was actually at fault for the prolonged discovery dispute in this matter, Appellant does not dispute that no less than three motions to compel were granted against him. Appellant also does not dispute that he indeed failed to comply with the trial court's order on at least one occasion, and essentially argues that this failure is justified by Appellant being out of the country. Appellant also seems to argue that sanctions were not warranted because Appellant eventually complied with some of the discovery.

Respectfully, this is unconvincing. Although we do not disagree with Appellant that both parties likely contributed to the protracted discovery process here, the fact remains that the trial court made clear findings on three different occasions that Appellant was not in compliance with the trial court's orders. Although Appellant now disputes the events leading up to those orders and lays blame at the feet of Appellees, this simply does not explain how the trial court "stray[ed] beyond the applicable legal standards" or "fail[ed] to properly consider the factors customarily used to guide the" imposition of sanctions. *Lee Med, Inc.*, 312 S.W.3d at 524. Moreover, we cannot agree that sanctions were unwarranted simply because Appellant eventually cooperated in the discovery process; indeed, the record reflects that the trial court and Appellees expended great effort in gaining Appellant's cooperation.[12]

In the context of discovery abuse, "trial courts have wide discretion to determine the appropriate sanction to be imposed." *Mercer v. Vanderbilt Univ.*, 134 S.W.3d 121, 133 (Tenn. 2004). Moreover, even when we conclude that "reasonable judicial minds can differ concerning [the] soundness" of discovery sanctions, "appellate courts should allow discretionary decisions to stand." *Id.* (citing *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999)). Here, Appellant has shown nothing more than that reasonable minds could differ as to which party was more at fault for the discovery issues in this case. Nonetheless, this showing does not demonstrate an abuse of discretion. Accordingly, the trial court's order granting discovery sanctions against Appellant is affirmed.

## V.    CONCLUSION

The judgment of the Shelby County Chancery Court is affirmed. Costs of this appeal are assessed against Appellant, Solomon Menche, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[12] Appellant also insists on appeal that there was never any finding that the substance of his discovery responses were inadequate; however, Appellant cites to no authority that suggests that such a finding is a prerequisite to discovery sanctions.